**Zahida Jabeen Jamaal KHAN, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 06–60571

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 16, 2007.

Eugene J. Flynn, Dallas, TX, for Petitioner.

Thomas Ward Hussey, Director, Linda Susan Wendtland, Norah Ascoli Schwarz, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, Trey Lund, U.S. Immigration and Customs Enforcement, New Orleans, LA, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM: *

Zahida Jabeen Jamaal Khan (Khan) has filed a petition for review of an order of removal of the Board of Immigration Appeals (BIA). She argues that the BIA erred when it rejected her claim that removal proceedings should be terminated because the proceedings were instituted based on information set forth in an application for benefits that she filed under the confidentiality provisions of the Legal Immigration Family Equity (LIFE) Act.

As the BIA noted in its order of removal, the confidentiality requirements of the Immigration and Nationality Act are applicable to applications for legalization under the LIFE Act. Immigration and Nationality Act § 245A(c)(5), 8 U.S.C. § 1255a(c)(5)(A)(i); LIFE Act, PL 106–553, 2000 HR 4942, *2762A–148; 8 C.F.R. § 245a.21. However, the Immigration Judge's determination that Khan failed to establish that she filed an application under the LIFE Act is based upon substantial evidence. *See Roy v. Ashcroft,* 389 F.3d 132, 137–38 (5th Cir.2004). Moreover, the Immigration Judge's determination that an independent source apprised Immigration and Customs Enforcement officials of Khan's illegal status is also based upon substantial evidence. *See id.* The BIA therefore did not err when it determined that the confidentiality provisions of the LIFE Act were not violated.

Khan's petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.